1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHAQUIOA HART,                              No.  2:17-cv-0285 DB

12              Plaintiff,

13        v.                                     ORDER AND
                                                 FINDINGS AND RECOMMENDATIONS
14   NANCY A. BERRYHILL, Acting
     Commissioner of Social Security,
15

16              Defendant.

17

18        On February 27, 2017, the undersigned granted plaintiff's motion to proceed in forma

19   pauperis and ordered plaintiff to submit to the United States Marshal the documents necessary for

20   service of process.  (ECF No. 3.)  Plaintiff was also ordered to file in this court a declaration

21   stating the date on which the documents were submitted to the United States Marshal within five

22   days after submitting those documents.

23        On March 20, 2017, plaintiff filed such a declaration.  (ECF No. 6.)  However, on March

24   27, 2017, plaintiff filed a request for new documents for service, stating that the United States

25   Marshal's Office informed plaintiff that she did not submit a complete packet.  (ECF No. 7.)

26   New service documents were sent to plaintiff the following day.

27        However, after plaintiff failed to file an updated declaration stating the date on which

28   service documents were submitted to the United States Marshal, on September 13, 2017, the

                                                 1

1    undersigned issued an order to show cause, ordering plaintiff to show cause in writing within 21

2    days as to why this case should not be dismissed for lack of prosecution.  (ECF No. 8.)  The 21-

3    day period has passed and plaintiff has not responded to the court's order in any manner.

4                                                    ANALYSIS

5            The factors to be weighed in determining whether to dismiss a case for lack of prosecution

6    are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need

7    to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring

8    disposition on the merits; and (5) the availability of less drastic sanctions.  Hernandez v. City of

9    El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.

10   1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that

11   should be imposed only in extreme circumstances.  Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d

12   at 1260.

13           Failure of a party to comply with the any order of the court "may be grounds for

14   imposition by the Court of any and all sanctions authorized by statute or Rule or within the

15   inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself

16   without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local

17   Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable

18   rules and law may be grounds for dismissal or any other sanction appropriate under the Local

19   Rules.  Id.

20           Here, plaintiff failed to file a timely declaration stating the date on which service

21   documents were submitted to the United States Marshal, possibly because plaintiff did not submit

22   such service documents to the United States Marshal.  Accordingly, the undersigned issued an

23   order to show cause that provided plaintiff with an opportunity to show good cause for plaintiff's

24   conduct.  Plaintiff failed to respond to that order in any way.  The order to show cause

25   specifically warned plaintiff that the failure to respond to that order could result in the dismissal

26   of this action.

27           Plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions

28   futile.  Moreover, the public interest in expeditious resolution of litigation, the court's need to

2

manage its docket, and the risk of prejudice to the defendant all support the imposition of the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility. The undersigned will therefore recommend that this action be dismissed due to plaintiff's failure to prosecute as well as plaintiff's failure to comply with the court's orders. See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a District Judge to this action.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's February 10, 2017 complaint (ECF No. 1) be dismissed without prejudice; and

2. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 11, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\hart0285.dlop.f&rs

3